IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: C. R. BARD, INC., PELVIC
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION

MDL NO. 2187

*Callen et al v. C. R. Bard, Inc.*  Case Number: 2:14-cv-14375

ORDER
(Defendant C. R. Bard, Inc.'s Motion to Strike Plaintiffs'
Expert Disclosures in Wave 3 "Miniwave" Cases)

Pending is Defendant C. R. Bard, Inc.'s Motion to Strike Plaintiffs' Expert Disclosures in Wave 3 "Miniwave" Cases, filed March 2, 2015. [Docket # 24]. The motion is ripe for decision.

In defendant C. R. Bard, Inc.'s ("Bard") Motion, Bard seeks the entry of an order striking experts identified by plaintiffs in the Wave 3 Miniwave 1[9] cases because rather than disclosing three expert witnesses per case, as required by PTO ## 153[10] and 154 (which amended PTO # 153), plaintiffs disclosed a minimum of 14 expert witnesses per Miniwave 1 case. Bard argues in its Motion and reply that plaintiffs' numerous disclosures will burden the parties and the court with wasteful motion practice. Furthermore, Bard has prepared the Miniwave 1 cases and its own disclosures under the assumption that plaintiffs would only be disclosing three experts per case. Bard asks that the court (1) strike plaintiffs' expert disclosures in the Miniwave 1 cases; (2) order plaintiffs to comply with PTO # 154 by serving new expert disclosures by a certain date; (3) order Bard's expert disclosures to be due at least 30 days after the service of plaintiffs' PTO # 154-compliant disclosures; and (4) grant any other relief as the court deems appropriate.

---

[9] PTO # 155 (Order Designating Miniwave 1 Cases) identifies the sixty cases in "Miniwave 1." Of the original sixty, fifty-eight remain.

[10] Bard refers to PTO # 153, but the most recent and applicable PTO is # 154. As a result, I will refer to that PTO throughout this order.

Plaintiffs assert that in light of the procedural posture of these cases and the fact that dozens of cases could be simultaneously remanded for trial following the conclusion of the wave trial work-up process (not only in Wave 3, but also in Waves 1 and 2), any limitation on the number of experts that can be identified in a given case for discovery purposes is both arbitrary and improper. Plaintiffs assert that if they are limited to three experts per case, they may be prevented from carrying their burden of proof in the event one or more of their experts in a particular case is not available or is excluded by motion practice. Plaintiffs point out that of the experts they disclosed in the Miniwave 1 cases, all but four were deposed in Waves 1 and 2, thus eliminating any real burden on Bard. Finally, plaintiffs contend that they have no intention of calling duplicative witnesses at trial, but in some cases, they may require more than 3 experts; i.e. a pathologist, a materials expert, a causation expert (urogynecologist, gynecologist, or urologist), and a specialist, such as a pelvic pain specialist.

The at-issue language in PTO # 154 provides as follows:

> **Expert Discovery and Reports.** The parties may conduct general and specific expert discovery on the Avaulta products at issue in the Miniwave. In light of the bellwether trial that already occurred on the Avaulta Plus Posterior Support System and the substantial discovery conducted to date on the other Avaulta products, the parties are cautioned not to engage in duplicative general expert discovery, but instead, to tailor their discovery to the remaining Avaulta products at issue (to the extent such discovery is necessary), supplementing any discovery already completed and conducting specific causation discovery for the Miniwave plaintiffs. In light of the common products involved in this Miniwave, the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, each side is limited to no more than three (3) experts per case (exclusive of treating physicians). It is the court's expectation that these experts will overlap for plaintiffs who have the same products(s), to some extent, if not entirely.

(PTO # 164, 2:12-md-2187 [Docket 1318]).

I have considered the arguments of the parties and find that the language in PTO # 154 is sufficiently unambiguous, particularly given the introductory language that precedes the three-expert limitation. I have made clear to the parties that it is my intention to quickly work up these cases for trial and remand them to the appropriate districts for trial—indeed, this is my duty under 28 U.S.C. § 1407. Plaintiffs have known of the three-expert limitation since the original PTO # 131, related to all Wave 3 cases, was entered on July 31, 2014. (PTO # 131, 2:12-md-2187 [Docket 1007]). Yet, plaintiffs have sought no relief from this provision. The three-expert limitation contained in PTO # 154 will remain in place, though I remind the parties that the PTO provides a provision for the disclosure of additional experts for good cause shown. In the Miniwave 1 cases where plaintiffs believe that good cause exists for the disclosure of additional experts, they may so move.

As to the plaintiffs' fear of lack of availability of experts given the large number of remands, this issue can be taken up with the District Judge who is ultimately assigned the case on transfer or remand. The court will advise the assigned District Judge of the limit on expert disclosures imposed by PTO # 154.

It is **ORDERED** that C. R. Bard, Inc.'s Motion to Strike Plaintiffs' Expert Disclosures in Wave 3 "Miniwave" Cases is **GRANTED in part** and **DENIED in part**. It is **ORDERED** that plaintiffs' expert disclosures are struck and that plaintiffs disclose experts again in compliance with PTO # 154. Bard's request for a 30-day extension to disclose its experts is **DENIED**. The revised expert disclosure and other deadlines will be contained in a PTO (the Fourth Amended Docket Control Order for Discovery of Certain Avaulta, Bard Only Cases – Wave 3) to be entered by the court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 11, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE